**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| JONATHAN MACKEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-23-cv-02910 |
| v. | * | |
| | * | |
| SECURE EVALUATION AND | * | |
| THERAPEUTIC TREATMENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Jonathan Mackey ("Plaintiff") brings this action against Secure Evaluation & Therapeutic Treatment Center ("SETT"), Developmental Disabilities Administration, Maryland Department of Health ("MDOH") (collectively "State Defendants"), Sharif Welton, Andre Vaughn, Matthew Fortier, and Sharnae Deshields (collectively "Individual Defendants") asserting constitutional and common law tort claims. *See* Compl. (ECF No. 4). Specifically, Plaintiff alleges Defendants violated his civil rights under Article 24 of the Maryland Declaration of Rights and the Fourth and Fourteenth Amendments of the United States Constitution. *Id.* Plaintiff also alleges claims for negligent hiring, retention, and supervision; battery; and civil conspiracy. *Id.* Plaintiff's claims arise out of an incident at SETT in which Plaintiff alleges he was "subjected to inappropriate and illegal use of restraints, and assault and battery resulting in injuries . . . ." *Id.* ¶ 3.

The matter is before the Court on Defendants' Motion to Dismiss (the "Motion"). ECF No. 11. The Motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6

1

(D. Md. 2023). For the reasons set forth below, the Motion will be granted in part and denied in part.

## I.   BACKGROUND

Plaintiff alleges that he was born with intellectual disabilities and mental health conditions. Compl. ¶ 1. SETT was a facility operated by MDOH. Id. ¶ 2. On August 25, 2020, Plaintiff was admitted to SETT for treatment of his intellectual disabilities and mental health conditions. *Id.* ¶¶ 1–2.

On September 17, 2020, Plaintiff was involved in an incident with another facility resident in a public area. *Id.* ¶ 15. In response, Individual Defendants, who were SETT employees, "used inappropriate methods for calming the situation . . . [and] became unduly aggressive with Mr. Mackey resulting in serious and unnecessary violence against Mr. Mackey." *Id.* ¶ 15. Plaintiff "was subjected to inappropriate and illegal use of restraints" and suffered injuries to his face and body. *Id.* ¶¶ 3, 6. The next day, Plaintiff reported the incident to the staff at SETT. *Id.* ¶ 5. An MDOH officer investigated the incident, and Sharif Welton, Matt Fortier, and Andrew Vaughn were charged with second-degree assault. *Id.* ¶ 7.

Plaintiff brought this action on September 15, 2023, in the Circuit Court for Baltimore City, Maryland. ECF No. 1, ¶ 1. In the Complaint, Plaintiff asserts five counts: (1) negligent hiring, retention, and supervision, against State Defendants; (2) violation of civil rights under Article 24 of the Maryland Declaration of Rights, against all Defendants; (3) violation of civil rights under the Fourteenth Amendment to the United States Constitution, against all Defendants; (4) battery, against Individual Defendants; and (5) civil conspiracy, against all Defendants. *See generally* Compl.

The case was removed to this Court on October 26, 2023. ECF No. 1. Defendants filed a motion to dismiss for failure to state a claim. ECF No. 11 at 2.[1] Plaintiff filed a response, ECF No. 16, and Defendants replied, ECF No. 19.

## II.    STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the

---

[1]    In the Motion, Defendants present arguments regarding Plaintiff's potential allegations of intentional infliction of emotional distress (IIED) and failure to provide adequate medical care. In his response, Plaintiff concedes that he does not plead either of these causes of action. ECF No. 16 at 3, 7–8. They are not among the counts identified in the Complaint. Accordingly, the Court will not consider these issues.

claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (second alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

A defendant may also move to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## III.  DISCUSSION

### A.  Proper Parties

Preliminarily, Defendants argue State Defendants "must be consolidated" into one defendant as the "State of Maryland." ECF No. 11-2 at 4. State Defendants specifically argue that

"[s]tate agencies and instrumentalities are treated as if they were the State for immunity purposes" and, therefore, "naming two State units is duplicative" and warrants consolidation. *Id.* (citing *Baltimore Police Dept. v. Cherkes*, 780 A.2d 410, 424 (Md. Ct. Spec. App. 2001).

As Plaintiff recognizes, there are numerous cases in Maryland and throughout the Fourth Circuit that name state agencies as defendants, rather than naming the State itself. In fact, even in *Cherkes*, cited by Defendants, the Maryland Court of Special Appeals recognized specific differences between the State of Maryland and Maryland agencies as defendants. *Id.* at 425 (finding that "while State agencies enjoy sovereign immunity in 'ordinary tort actions for damages,' that might not be the case with respect to State constitutional violations").

At this time, Plaintiff is not required to name the State of Maryland as the lone state defendant. The Court takes no position on whether State Defendants may be entitled to a re-naming in the future.

### B. Immunity Under Maryland Tort Claims Act

Defendants argue that Individual Defendants are entitled to immunity against Plaintiff's tort claims under the Maryland Tort Claims Act. . Section 5-522(b) of the Courts and Judicial Proceedings Article of the Maryland Code states:

> State personnel[2] . . . are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence, and for which the State or its units have waived immunity under Title 12, Subtitle 1 of the State Government Article, even if the damages exceed the limits of that waiver.

Based on this language, Maryland courts have recognized "that a party can bring a viable tort action against the State when the tort was committed by a State employee acting within the

---

[2]     Plaintiff does not dispute that Individual Defendants qualify as "state personnel" under the Courts Article.

scope of his or her employment and without malice or gross negligence." *Ford v. Baltimore City Sheriff's Off.*, 814 A.2d 127, 134 (Md. Ct. Spec. App. 2002); *see also Nero v. Mosby*, 890 F.3d 106, 124 (4th Cir. 2018). The State "has accepted vicarious liability arising from the tortious conduct of State personnel." *Ford*, 814 A.2d at 134; *see also Robinson v. Pytlewsi*, No. 8:19-CV-01025-PX, 2020 WL 607030, at \*9 (D. Md. Feb. 7, 2020). If, however, the employee acted outside the scope of his employment or with malice or gross negligence, "the State is immune from suit and the injured party may only bring a viable tort claim against the State employee." *Ford*, 814 A.2d at 134. The question becomes whether Individual Defendants acted either (1) outside the scope of their employment or (2) with malice or gross negligence.

At this stage, the Court need not make a final determination of whether the State Defendants or Individual Defendants are entitled to immunity under the MTCA. Maryland courts have recognized that, so long as the complaint alleges that the conduct occurred outside the scope of employment and/or involved malice, the question need not be addressed at the motion-to-dismiss stage. *Prince George's Cnty. v. Morales*, 149 A.3d 741, 750 (Md. 2016) (holding that "the issue of whether a servant is acting within the scope of his employment is ordinarily a question for the jury") (quoting *Cox v. Prince George's Cnty.*, 460 A.2d 1038, 1042 (Md. 1983)). In particular, in the law enforcement context, Maryland courts have declined to determine whether a police officer acted within the scope of his employment at the motion-to-dismiss stage where the complaint alleged excessive force. *See Cox*, 460 A.2d at 1042 (holding that "the burden is on the plaintiff to show that a master-servant relationship exists," but "[f]or the purposes of a demurrer . . . the allegations in the declaration must be taken as true."). This is also true for excessive force claims where the complaint alleges that the employee acted with malice. *See French v. Hines*, 957 A.2d 1000, 1003–04 (Md. Ct. Spec. App. 2008) (citing *Hines v. French*, 852 A.2d 1047 (Md. Ct.

Spec. App. 2004)) (dismissal was improper for excessive force claim because the complaint alleged that the defendant acted with malice, so defendant "was not necessarily shielded from liability under the grant of qualified immunity embodied in the [MTCA]").

Of course, this case does not involve law enforcement, but state employees at a mental health facility. Regardless, the logic applied to excessive force cases involving law enforcement is applicable here. The Complaint provides a detailed account of Individual Defendants' use of excessive force against him during the incident. Compl. ¶¶ 24, 32–33. Specifically, Plaintiff alleges that Individual Defendants were unduly aggressive and violent and inflicted "painful and unwarranted assaults including a full nelson," "slamming [Plaintiff] on the floor" and "on his bed," placing a pillow over his head and punching him through the pillow several times before removing the pillow and punching him in the eye. *Id.* ¶ 15. Plaintiff similarly alleges that Individual Defendants acted with actual malice and an intent to injure him. *Id.* ¶¶ 26, 36, 38. At this stage, Plaintiff has sufficiently alleged that Individual Defendants either acted outside the scope of their employment and/or with malice.

Accordingly, Defendants' Motion will be denied as to the question of sovereign immunity.

## C.  Count I: Negligent Hiring, Retention, and Supervision

Plaintiff alleges State Defendants were negligent in hiring, retaining, and supervising Individual Defendants. Compl. ¶ 13. Defendants argue that Plaintiff fails to state a claim because the Complaint provides insufficient factual allegations that State Defendants were negligent with respect to these employment actions. ECF No. 11-2 at 5. The Court agrees.

In Maryland, "where an employee is expected to come into contact with the public[,] it has been held that the employer must make some reasonable inquiry before hiring or retaining the employee . . . or the employer must otherwise have some basis for believing that he can rely on

the employee." *Horridge v. St. Mary's Cnty. Dept. of Social Srvs.*, 854 A.2d 1232, 1237–38 (Md. 2004) (cleaned up) (quoting *Evans v. Morsell*, 395 A.2d 480, 484 (Md. 1978)). "There is a rebuttable presumption that an employer has used due care in hiring the employee." *Id.* at 1238 (citing cases). To state a claim for negligent hiring, retention, and supervision, a plaintiff must show

> [1] that [the plaintiff's] injury was caused by the tortious conduct of [the defendant's employee], [2] that the employer knew or should have known by the exercise of diligence and reasonable care that [the employee] was capable of inflicting harm of some type, [3] that the employer failed to use proper care in selecting, supervising or retaining that employee, and [4] that the employer's breach of its duty was the proximate cause of the [p]laintiff's injuries.

*Anderson v. Johns Hopkins Bayview Med. Ctr., Inc.*, Civ. No. 16-01567-JFM, 2017 WL 220136, at *5 (D. Md. Jan. 18, 2017) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996)).

To successfully plead a claim for negligent hiring, retention, and supervision, plaintiffs must provide a "factual basis that [the] [d]efendant had 'actual or constructive knowledge' of the 'conduct or general character' of its [employee]" at the motion to dismiss stage. *Jarvis v. Securitas Sec. Servs. USA, Inc.*, Civ. No. 11-00654-AW, 2012 WL 527597, at *5 (D. Md. Feb. 16, 2012). Courts in this district have dismissed claims that failed to provide information about the employee's training, the training's deficiencies, the employer's hiring process, and what the employer knew about the employee and his past conduct before hiring him. *See Francis v. Maryland*, Civ. No. ELH-21-1365, 2023 WL 2456553, at *35 (D. Md. Mar. 10, 2023) (dismissing complaint where it presented no facts regarding the employee's training, why the training was deficient, and what the defendant knew about the employee before hiring him); *Austin v. Safeway*, Civ. No. PJM 18-0922, 2019 WL 1057364, at *5 (D. Md. Mar. 5, 2019) (directing a pro se plaintiff

8

to amend her complaint to include more specific facts about the defendant's knowledge of employee's past conduct before hiring him); *Anderson*, 2017 WL 220136, at *5 (dismissing general allegations where plaintiff failed to plead specific facts to support employer's knowledge of employee's past conduct). The claim must provide "specific factual allegations to establish that [the defendant] failed to use reasonable care in employing or supervising a particular employee." *Silver v. Wells Fargo Bank, N.A.*, Civ. No. MJG-16-382, 2016 WL 6962862, at *8 (D. Md. Nov. 29, 2016).

In this case, Plaintiff alleges "State Defendants knew or should have known at the time of hiring that the Individual Defendants were not competent to perform the tasks for which they were hired" and the actions detailed in the Complaint "evidence the failure of the State Defendants in giving proper training and supervision to these employees." Compl. ¶¶ 14, 17. However, Plaintiff provides no facts regarding Individual Defendants' lack of qualifications at the time of hiring, their past conduct, State Defendants' training protocols, or State Defendants' knowledge of Individual Defendants' alleged inadequacies before or during the hiring process. The Complaint does not provide specific factual allegations that State Defendants failed to use reasonable care in their hiring, training, and supervision processes. Therefore, Plaintiff fails to state a plausible claim for negligent hiring, supervision, and retention. *See Francis*, 2023 WL 2456553, at *35; *Anderson*, 2017 WL 220136, at *5; *Silver*, 2016 WL 6962862, at *8.

Accordingly, Count I will be dismissed without prejudice.

### D.  Counts II and III: State and Federal Constitutional Claims

Plaintiff claims violations of his civil rights under Article 24 of the Maryland Declaration of Rights and the Fourth and Fourteenth Amendments of the United States Constitution. Compl. ¶¶ 24, 32. Defendants argue that Plaintiff fails to adequately plead that Defendants violated his due

process rights. ECF No. 11 at 6. The Court is not persuaded and finds that Plaintiff has adequately pleaded violations of his state and federal constitutional rights.

Article 24 is commonly referred to as the "Maryland equivalent of the federal Due Process Clause." *Holloway-Johnson v. Beall*, 103 A.3d 720, 736 (Md. Ct. Spec. App. 2014), *aff'd in part, rev'd in part*, 130 A.3d 406 (Md. 2016). Generally, when claiming a Fourth Amendment violation, the state analogue a plaintiff should invoke is Article 26, which is read *in pari materia* with the Fourth Amendment. *Id.* at 737. However, "[w]hether an excessive force claim is brought under Article 24 or Article 26 . . . is a distinction without a difference." *Id.* Also, "[t]he fact that Maryland's excessive force law is read *in pari materia* with the federal analogue does not imply that an excessive force claim must be pursued solely under the Fourth Amendment." *Tremellen v. Leopre*, Civ. No. RBD-12-02900, 2013 WL 1867978, at *5 (D. Md. May 2, 2013). Plaintiffs commonly bring both state and federal claims of excessive force based on a single incident. *Id.*

"Whether the claim is made pursuant to Article 24 or Article 26 or both, the ultimate test of excessive force is that which the Supreme Court set forth in *Graham v. Connor*." *Id.* The Supreme Court established the "reasonableness" standard for excessive force claims under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 397 (1989). "[The] question is whether the [state actor's] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* (citing *Scott v. United States*, 436 U.S. 128, 137 (1978)).

Although *Graham* involved a *Terry*[3] stop and seizure of a suspect, courts have applied the objective reasonableness standard to claims of excessive force in state mental hospitals.[4] *See*

---

[3]     *See Terry v. Ohio*, 392 U.S. 1 (1968).

[4]     The Fourteenth Amendment similarly "requires the State to provide involuntarily committed mental patients with such services as are necessary to ensure their 'reasonable safety' from themselves and

*Andrews v. Neer*, 253 F.3d 1052 at 1061 (8th Cir. 2001) (holding that excessive force claim brought by individual in state hospital "should be evaluated under the objective reasonableness standard usually applied to excessive-force claims brought by pretrial detainees"); *Robinson v. Cnty. of Shasta*, 384 F. Supp. 3d 1137, 1149 (E.D. Cal. 2019) (finding that "[c]laims of excessive force brought by involuntarily detained individuals are analyzed under the 'objective reasonableness' standard").

The Supreme Court has provided a non-exhaustive list of considerations that may bear on the reasonableness of the use of force at issue, including:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

Regarding the relationship between the need for the use of force and the amount of force used, the Fourth Circuit has recognized that, for incidents involving individuals with mental illness, it is proper to "use . . . officers and others trained in the art of counseling . . . where feasible," and to use minimal force to limit the injuries to all parties involved. *Est. of Armstrong ex rel. Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 900–01 (4th Cir. 2016) (citing *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001)). Therefore, this situation leans heavily toward the use of minimal force to effect de-escalation. *Id.*

Further, courts have generally held that the "threat reasonably perceived" factor weighs in a plaintiff's favor if he is unarmed and not making threats. *Krell v. Queen Anne's Cnty.*, Civ. No.

---

others." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 (1989). Further, the Constitution imposes a duty upon the state "to assume some responsibility for [a committed individual's] safety and general well-being." *Id.*

JKB-18-637, 2018 WL 6523883, at *6 (D. Md. Dec. 12, 2018) (citing *Barfield v. Kershaw Cnty. Sheriff's Office*, 638 Fed. App'x 196, 202 (4th Cir. 2016)).

Here, Plaintiff has intellectual disabilities and mental health conditions. Plaintiff claims the incident occurred because of an exchange with another SETT resident that upset him. Compl. ¶ 15. According to the Complaint, there was neither an indication that Plaintiff was armed nor that he made any threats against Individual Defendants. The Complaint does not indicate that Plaintiff was involved in a violent altercation. Plaintiff admits he resisted while Individual Defendants attempted to remove him from the situation. *Id.* He also claims, however, that his resistance was in response to the force already being used against him, *id.*, and the Court reasonably infers that such resistance may have been justified.

Moreover, the Complaint alleges Plaintiff suffered a black eye, other facial injuries, bruising, and bodily and psychological injuries. *Id.* ¶¶ 3, 6. Plaintiff alleges his injuries required immediate medical attention as well as longer term medical attention and psychological care. *Id.* ¶¶ 4, 25, 34. These facts support a reasonable inference that Plaintiff's injuries were extensive.

At this stage, accepting the facts in the Complaint as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff adequately alleges a plausible claim for excessive force in violation of his due process rights.

Defendants also argue, however, that State Defendants are not "persons" subject to suit for violation of federal rights under 42 U.S.C. § 1983 and, accordingly, are entitled to dismissal.[5] ECF

---

[5]     "[A] state agency is not a 'person' as the term is used in 42 U.S.C. § 1983. . . . For that reason, a state agency cannot be sued under § 1983." *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003) (citing *Will v. Michigan Department of State Police,* 491 U.S. 58, 67 (1989)).

No. 11-2 at 4–5. In his response to the Motion, Plaintiff concedes that the State Defendants should be dismissed as to his federal civil rights claims. ECF No. 16 at 3.

Accordingly, Defendants' Motion will be granted as to Plaintiff's federal civil rights claims in Count III against State Defendants, which shall be dismissed with prejudice. The Motion will be denied as to the claims asserted in Count II, and the claims asserted against Individual Defendants in Count III.

### E. Count V: Civil Conspiracy

Plaintiff alleges Individual Defendants "acted in concert to commit battery against Mr. Mackey" and to "cover up the battery by making false statements to the police . . . and by making false official reports."[6] Compl. ¶ 40.

Defendants first argue that State Defendants are entitled to Eleventh Amendment immunity from the civil conspiracy claim. ECF No. 11-2 at 11. Defendants are incorrect. State Defendants waived their Eleventh Amendment immunity by voluntarily removing this case from state to federal court. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 624 (2002) (holding that "the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity").[7]

Second, Defendants argue civil conspiracy is not an independent cause of action. *Id.* at 13. Again, Defendants are incorrect. This Court and Maryland courts have specifically recognized

---

[6]    Plaintiff also asserts a separate claim for battery in Count IV of the Complaint, alleging specifically that Individual Defendants acted with malice and an intent to injure him. Compl. ¶¶ 37–38. Defendants do not appear to argue that Plaintiff fails to state a claim for battery. Accordingly, Plaintiff's battery claim will not be dismissed.

[7]    In their reply, Defendants recognize the distinction between Eleventh Amendment immunity and state sovereign immunity. ECF No. 19 at 2. Specifically, the former is waived by voluntary removal to federal court, while the latter is waived by voluntary removal *only if* the state has consented to suit in its own courts. *See Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020).

civil conspiracy claims under Maryland law where "there exist[s] underlying tortious activity . . . ." *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 110 (Md. 2000); *see also McPherson v. Baltimore Police Dep't*, 494 F. Supp. 3d 269, 285 (D. Md. 2020). Here, Plaintiff specifically alleges that "Individual Defendants acted in concert to commit battery against Mr. Mackey." Compl. ¶ 40. Although the conspiracy claim could not survive without the underlying battery claim, Plaintiff has sufficiently alleged underlying tortious activity to support a related conspiracy claim. [8]

Defendants' Motion shall be denied as to the civil conspiracy claim in Count V.

## F.  Qualified Immunity

Finally, Individual Defendants allege they are entitled to qualified immunity. ECF No. 11 at 8–9.

In general, "[q]ualified immunity bars [42 U.S.C.] § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Gov't Servs.*, 975 F.3d 416, 428 (4th Cir. 2020) (citing *District of Columbia v. Wesby*, 538 U.S. 48, 63 (2018)). Courts employ a two-prong inquiry to determine whether a government official enjoys qualified immunity: "(1) whether the official violated a constitutional right; and if so (2) whether the right was 'clearly established' at the time of its violation." *Id.* (quoting *Rock for*

---

[8]      Additionally, in their reply, Defendants argue Plaintiff fails to state a claim because his allegations fail to allege sufficient details regarding the nature of the conspiracy. ECF No. 19 at 3. Because this argument does not appear to be directly responsive to arguments made in Plaintiff's opposition and is presented for the first time in Defendants' reply, depriving Plaintiff of an opportunity to respond, the Court declines to consider it. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered[,]" although "the power to decline consideration of such arguments is discretionary[.]"); *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 315 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) ("Arguments raised for the first time in reply generally should not be considered without affording the opposing party an opportunity to respond.").

*Life–UMBC v. Hrabowski*, 411 Fed. App'x. 541, 547 (4th Cir. 2010)). Only one question must be resolved in favor of the official for qualified immunity to apply.

To determine whether a right is "clearly established," the court "must examine controlling authority in this jurisdiction, which includes 'the decisions of the Supreme Court, [the Fourth Circuit Court of Appeals], and the highest court of the state in which the case arose.'" *Dean v. McKinney*, 976 F.3d 407, 417 (4th Cir. 2020) (quoting *Owens v. Lott*, 372 F.3d 267, 279 (4th Cir. 2004)). If there are no such decisions, the court "may look to 'a consensus of cases of persuasive authority' from other jurisdictions, if such exists." *Owens*, 372 F.3d at 280 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

To conclude that a right is "'clearly established,' . . . [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *accord Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007). *See also Wilson v. Layne*, 526 U.S. 603, 614 (1999) (finding that whether an official may be held personally liable turns on the "'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken") (citing *Anderson*, 483 U.S. at 639). "[A]lthough public officials may be 'charged with knowledge of constitutional developments, [they] are not required to predict the future course of constitutional law.'" *Swanson v. Powers*, 937 F.2d 965, 968 (4th Cir. 1991) (quoting *Lum v. Jensen*, 876 F.2d 1385, 1389 (9th Cir. 1989)). In other words, "existing precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of pre-existing law, the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)

(quoting *Anderson*, 483 U.S. at 640) (internal citation omitted). The "salient question . . . is whether the state of the law . . . gave [the defendants] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Id.*

In consideration of the facts alleged in the Complaint, the Court find that Individual Defendants are not entitled to qualified immunity. As explained above, Plaintiff adequately pleads that Individual Defendants violated his federal and state constitutional rights by engaging him violently, placing him in a full nelson, slamming him on the floor and then on his bed, placing a pillow over his head and punching him through the pillow, and then moving the pillow and punching him in the eye. Defendants have not identified any case law to suggest that Plaintiff's right not to be subjected to excessive force in the circumstances alleged here was not clearly established at the time of the incident. Accordingly, at this stage, the Court does not find that Individual Defendants are entitled to qualified immunity.

## IV.    CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 11) will be granted in part and denied in part. The Motion will be granted as to Plaintiff's claims in Count I for negligent hiring, retention, and supervision, which will be dismissed without prejudice.  The Motion will also be granted as to the federal civil rights claims against State Defendants in Count III, which will be dismissed with prejudice. In all other respects, the Motion will be denied.

A separate Order will issue.


DATE:  September 26, 2024                                  /S/
                                                  Matthew J. Maddox
                                                  United States District Judge